Marc I. Gross
Jeremy A. Lieberman
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| TRICIA M. BARTELT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFYMAX, INC., JOHN A. ORWIN, HERBERT C. CROSS, TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.,<br><br>Defendants. | No. 13-cv-01025-PJH<br><br>**STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Plaintiffs and the Defendants who have appeared in this action hereby stipulate as follows:

**WHEREAS**, on February 27, 2013, a putative class action for alleged violation of the federal securities laws was filed, entitled *Stevens v. Affymax, Inc. et al.*, Case No. 4:13-cv-00891-PJH (the "*Stevens* Action");

**WHEREAS**, on March 6, 2013, Tricia M. Bartelt, individually and on behalf of all others similarly situated, filed a class action complaint captioned *Bartelt v. Affymax, et al.*, No. 4:13-cv-1025-SI (the "*Bartelt* Action") against the Defendants alleging violations of the federal securities laws;

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**WHEREAS**, Plaintiff Tricia Bartelt filed an Administrative Motion to Consider Whether Cases Should Be Related ("Motion to Relate") with Proposed Order and Stipulation on April 12, 2013 in the *Stevens* Action (the earlier filed case) (Dkt. 9);

**WHEREAS**, the Court in the *Stevens* Action, granted the Motion to Relate the Affymax Actions on April 19, 2013 (Dkt. 10);

**WHEREAS**, on April 29, 2013, three separate Motions to Consolidate Cases and Appoint Lead Plaintiff and supporting papers thereto were filed in the *Stevens* Action by Movants Christopher Sprute, Frank Estrada and Tommy Jay Carter, respectively (Dkts. 11, 12, 13, 14);

**WHEREAS**, Plaintiff Scott Stevens filed a Notice of Voluntary Dismissal of the *Stevens* Action on May 2, 2013 (Dkt. 15);

**WHEREAS**, subsequent to the dismissal of the *Stevens* Action, the Court in the *Bartelt* Action ordered that all pending motions for appointment as lead plaintiff and lead plaintiff's counsel will be heard on June 12, 2013 (Dkt. 28);

**WHEREAS**, on May 8, 2013, Movant Frank Estrada withdrew his motion to be appointed lead plaintiff (Dkt. 29);

**WHEREAS**, on May 10, 2013, Movant Christopher Sprute withdrew his motion to be appointed lead plaintiff (Dkt. 30);

**WHEREAS**, as of May 10, 2013 Movant Tommy Jay Carter was the only remaining Movant seeking appointment as lead plaintiff;

**WHEREAS**, on May 10, 2013, Movant Carter filed a Notice of Non Opposition to the Motion of Tommy Jay Carter for Appointment as Lead Plaintiff and Approval of Counsel in which he requested the Court to issue an order pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.§78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure appointing

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

Movant Carter as lead plaintiff, approving Movant Carter's selection of lead and liaison counsel, and granting such other and further relief as the Court may deem just and proper (Dkt. 31);

**WHEREAS**, pursuant to 15 U.S.C. §78u-4(a)(3)(B) the Court must appoint a lead plaintiff;

**WHEREAS**, on May 10, 2013 the Court ordered that the parties shall submit a stipulated form of order, including the relief requested by plaintiff Carter in the response filed May 10, 2013, plus a schedule for filing the amended complaint and for defendants to respond to the amended complaint (Dkt. 33);

**WHEREAS**, the parties anticipate that a lead plaintiff will be appointed by the Court in the *Bartelt* Action; and

**WHEREAS**, the Defendants reserve all their rights with respect to Federal Rule of Civil Procedure 23, including their rights to challenge the appropriateness of the lead plaintiff.

NOW, THEREFORE, the undersigned parties hereby stipulate that they approve as to form the proposed order attached hereto.

IT IS SO STIPULATED.

Dated: May 17, 2013

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**

By: */s/* Jeremy A. Lieberman
Marc I. Gross
Jeremy A. Lieberman
Lesley F. Portnoy
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
Email: jalieberman@pomlaw.com
*Counsel for Tommy Jay Carter*

Dated: May 17, 2013

**COOLEY LLP**

By: */s/ Ritesh Srivastava*

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

Ritesh Srivastava (246477)
5 Palo Alto Square
3000 El Camino Real
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
Email: rsrivastava@cooley.com
*Counsel for Defendant Affymax, Inc.*

Dated: May 17, 2013

**SIDLEY AUSTIN LLP**

By: */s/* Sara B. Brody

Sara B. Brody (130222)
555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile:  (415) 772-7400
Email:  sbrody@sidley.com
*Counsel for Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc. and Takeda Global Research & Development Center, Inc.*

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| TRICIA M. BARTELT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFYMAX, INC., JOHN A. ORWIN, HERBERT C. CROSS, TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.,<br><br>Defendants. | No. 13-cv-01025-PJH<br><br>[~~PROPOSED~~] ORDER |

**WHEREAS**, on February 27, 2013, a putative class action for alleged violation of the federal securities laws was filed, entitled *Stevens v. Affymax, Inc. et al.*, Case No. 4:13-cv-00891-PJH (the "*Stevens* Action");

**WHEREAS**, on March 6, 2013, Tricia M. Bartelt, individually and on behalf of all others similarly situated, filed a class action complaint captioned *Bartelt v. Affymax, et al.*, No. 4:13-cv-1025-SI (the "*Bartelt* Action") against the Defendants alleging violations of the federal securities laws;

**WHEREAS**, Plaintiff Tricia Bartelt filed an Administrative Motion to Consider Whether Cases Should Be Related ("Motion to Relate") with Proposed Order and Stipulation on April 12, 2013 in the *Stevens* Action (the earlier filed case) (Dkt. 9);

**WHEREAS**, the Court in the *Stevens* Action, granted the Motion to Relate the Affymax Actions on April 19, 2013 (Dkt. 10);

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**WHEREAS**, on April 29, 2013, three separate Motions to Consolidate Cases and Appoint Lead Plaintiff and supporting papers thereto were filed in the *Stevens* Action by Movants Christopher Sprute, Frank Estrada and Tommy Jay Carter, respectively (Dkts. 11, 12, 13, 14);

**WHEREAS**, Plaintiff Scott Stevens filed a Notice of Voluntary Dismissal of the *Stevens* Action on May 2, 2013 (Dkt. 15);

**WHEREAS**, subsequent to the dismissal of the *Stevens* Action, the Court in the *Bartelt* Action ordered that all pending motions for appointment as lead plaintiff and lead plaintiff's counsel will be heard on June 12, 2013 (Dkt. 28);

**WHEREAS**, on May 8, 2013, Movant Frank Estrada withdrew his motion to be appointed lead plaintiff (Dkt. 29);

**WHEREAS**, on May 10, 2013, Movant Christopher Sprute withdrew his motion to be appointed lead plaintiff (Dkt. 30);

**WHEREAS**, as of May 10, 2013 Movant Tommy Jay Carter was the only remaining Movant seeking appointment as lead plaintiff;

**WHEREAS**, on May 10, 2013, Movant Carter filed a Notice of Non Opposition to the Motion of Tommy Jay Carter for Appointment as Lead Plaintiff and Approval of Counsel in which he requested the Court to issue an order pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.§78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure appointing Movant Carter as lead plaintiff, approving Movant Carter's selection of lead and liaison counsel, and granting such other and further relief as the Court may deem just and proper (Dkt. 31);

**WHEREAS**, pursuant to 15 U.S.C. §78u-4(a)(3)(B) the Court must appoint a lead plaintiff;

**WHEREAS**, on May 10, 2013 the Court ordered that the parties shall submit a stipulated form of order, including the relief requested by plaintiff Carter in the response filed May 10, 2013, plus a

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

schedule for filing the amended complaint and for defendants to respond to the amended complaint (Dkt. 33); and,

**WHEREAS**, the parties anticipate that a lead plaintiff will be appointed by the Court in the *Bartelt* Action;

**WHEREAS**, the Defendants reserve all their rights with respect to Federal Rule of Civil Procedure 23, including their rights to challenge the appropriateness of the lead plaintiff; and

**WHEREAS**, on May 17, 2013 the parties entered into a stipulation regarding the appointment of lead plaintiff which they approved as to form.

NOW, THEREFORE, the Court hereby orders as follows:

1. Having reviewed all pending Motions and accompanying Memoranda of Law, the Court hereby appoints Tommy Jay Carter as Lead Plaintiff. Lead Plaintiff satisfies the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the PSLRA.

2. Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained the law firm of Pomerantz Grossman Hufford Dahlstrom & Gross LLP as Lead Counsel and Glancy Binkow & Goldberg as Liaison Counsel in this consolidated action, and the Court hereby approves these selections.

3. Plaintiffs' Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    (a)    to coordinate the briefing and argument of motions;

    (b)    to coordinate the conduct of discovery proceedings;

    (c)    to coordinate the examination of witnesses in depositions;

    (d)    to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

   (e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   (f) to coordinate all settlements negotiations with counsel for defendants;

   (g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

   (h) to supervise any other matters concerning the prosecution, resolution or settlement of the Consolidated Action.

  4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

  5. Counsel in any related action that is consolidated with this consolidated Action shall be bound by this organization of plaintiffs' counsel.

  6. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

  7. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

  8. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**IT IS SO ORDERED.**

Dated: __May 21_____, 2013



_____
Honorable Phyllis J. Hamilton
United States District Judge
Northern District of California

1128308 v2/HN

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th of May, 2013, I caused to be served electronically the foregoing Stipulation and [Proposed] Order Appointing Lead Plaintiff and Approval of Counsel with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVAL OF COUNSEL