Lionel Z. Glancy (#134180)
Michael Goldberg (#188669)
Robert V. Prongay (#270796)
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Liaison Counsel for Lead Plaintiff and the Class*

| | |
|---|---|
| Marc I. Gross | Patrick V. Dahlstrom |
| Jeremy A. Lieberman | Leigh Handelman Smollar |
| POMERANTZ LLP | POMERANTZ LLP |
| 600 Third Avenue, 20th Floor | Ten South La Salle Street, Suite 3505 |
| New York, New York 10016 | Chicago, Illinois 60603 |
| Telephone: (212) 661-1100 | Telephone: (312) 377-1181 |
| Facsimile: (212) 661-8665 | Facsimile: (312) 377-1184 |
| migross@pomlaw.com | pdahlstrom@pomlaw.com |
| jalieberman@pomlaw.com | lsmollar@pomlaw.com |

*Lead Counsel for Lead Plaintiff and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRICIA M. BARTELT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFYMAX, INC., JOHN A. ORWIN, HERBERT C. CROSS, ANNE-MARIE DULIEGE, JEFFREY H. KNAPP<br><br>Defendants. | Case No. 3:13-cv-01025-WHO<br><br>**CLASS ACTION**<br><br>ORDER OF PRELIMINARY APPROVAL<br><br>Filed:    August 28, 2014<br>Judge:   Hon. William H. Orrick |

POMERANTZ LLP
ATTORNEYS AT LAW

ORDER OF PRELIMINARY APPROVAL
3:13-CV-01025-WHO

# ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered Lead Plaintiff Tommy Jay Carter's ("Carter") Motion for Preliminary Approval of the Stipulation of Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement (the "Stipulation"), a copy of which has been submitted with the Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1. The terms of the Stipulation are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Stipulation. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Class, the scheduling of the Final Approval Hearing, and the dissemination of Notice to Class Members, each as provided for in this Order.

## Conditional Certification of the Class

2. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> all persons who purchased or otherwise acquired Affymax common stock during the Class Period, August 8, 2012 through February 22, 2013, both dates inclusive.

Excluded from the Class are Defendants, all current and former directors and officers of Affymax during the Class Period, and any family member, trust, company, entity or

affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class. The Court finds, for purposes of settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the members of the Settlement class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of the members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Lead Plaintiff Carter is conditionally certified as the Class Plaintiff for the Settlement Class, and the law firm of Pomerantz LLP is conditionally certified as Class Counsel. This conditional certification of the Class, Class Plaintiff, and Class Counsel are solely for purposes of effectuating the Settlement. If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Plaintiffs shall be void and of no further effect and the Parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

### Stay Order

3. Pending final determination of whether the Settlement should be approved, each Class Member is barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind asserting any of the Released Plaintiffs'

Claims against any of the Released Persons and any of the Released Defendants' Claims against Class Plaintiff and their Related Persons.

### Form and Timing of Notice

4. As soon as practicable after entry of this Order, but no later than within 15 days after the entry of the Order of Preliminary Approval, the designated Claims Administrator shall provide individual notice via mail, substantially in the form attached to this Order,[1] to each Class Member identified by records maintained by Defendant Affymax, Inc. (the "Defendant") or its transfer agent using the addresses contained in those records ("Direct Mail"). The Claims Administrator shall also cause a notice to be published in a national business internet newswire, substantially in the form of *Exhibit A-3* to the Stipulation.

5. The Court also approves the proposed Proof of Claim substantially in the form of *Exhibit A-2* to the Stipulation.

6. The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

7. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Stipulation and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

---

[1] The attached Notice has redlines reflecting the Court's modifications to the Notice proposed by the parties. The Notice to be issued by the Claims Administrator shall adopt the modifications reflected in the attached Notice.

**Request For Exclusion**

8. Any member of the Settlement Class may request exclusion from the Settlement Class and this Action in the manner and with the consequences described herein. Such Requests for Exclusion shall be in a form that sufficiently identifies (1) the name and address of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Affymax common stock during the period August 8, 2012 through February 22, 2014, including the number of shares, principal amount and trade date of each purchase and sale. Further providing that all such Requests for Exclusion must be postmarked or received by the Settlement Administrator no later than November 26, 2014 (the "Opt-Out/Objection Deadline") at the following address:

Claims Administrator:
*Bartelt v. Affymax Inc.*
c/o KCC Class Action Services
PO Box 43270
Providence, RI 02940-3270

9. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, or any written revocation of Requests for Exclusion, within three (3) business days of receipt by the Claims Administrator of such Request for Exclusion. Lead Counsel shall file with the Court no later than December 3, 2014 a list of all elections to opt out received by the Settlement Administrator by the Opt-Out/Objection Deadline.

10. Any Class Member that does not file a timely and complete Request for Exclusion from the Settlement by the Opt-Out/Objection Deadline will be bound by the terms of the Stipulation.

11. Any Class Member that files a timely and complete Request for Exclusion by the Opt-Out/Objection Deadline shall have no rights under the Settlement, shall not

share in the distribution of the Net Settlement Fund, shall not be bound by the Settlement or any judgment entered in the Action, and may proceed with his/her own action.

**Final Approval Hearing; Right to Appear and Object**

12. A Final Approval Settlement Hearing (the "Final Approval Hearing") shall take place before the undersigned, United States District Judge William H. Orrick, in Courtroom 2, 17th floor, United States District Court for Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on December 10, 2014, at 2:00 p.m., to determine:

(a) Whether the Court should certify the Settlement Class and whether the Class Plaintiffs and their counsel have adequately represented the Class;

(b) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(c) Whether the Action should be dismissed on the merits and with prejudice as to the Settling Defendant;

(d) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

(e) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

(f) Whether the application for a reimbursement award to be submitted by Class Plaintiffs should be approved; and

(g) Such other matters as the Court may deem necessary or appropriate.

The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

13. Any Class Member and any other interested person may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing. Any person wishing to be heard should, before the Opt-Out/Objection Deadline:

(a) File with the Court a Notice of his or her intention to appear, clearly identifying the case name and number (*Bartelt v. Affymax, Inc. et al.,* Case Number 3-13-CV-01025 (WHO) and including (i) the name and address of the person or entity seeking to appear, (ii) a statement setting forth such person's objections, if any, to any matter before the Court, (iii) the grounds for such objections or the reason for such person's request to appear and to be heard; (iv) a list of all transaction(s) involving Affymax common stock during the period August 8, 2012 through February 22, 2013, including the number of shares, principal amount and trade date of each purchase and sale, and (v) and all other documents and writings which such person desires the Court to consider at the Final Approval Hearing; and

(b) Serve copies of all such materials either by hand delivery, overnight mail or by first-class mail, postage prepaid, upon the Court by the Opt-Out/Objection Deadline:

Court:
Clerk of the Court
United States District Court for Northern
District of California, San Francisco
Courthouse, 450 Golden Gate Avenue, San
Francisco, CA 94102

Failure to file and serve the Notice timely, as described in (a) and (b) above, may result in the denial of the request to be heard.

(c) Class Counsel shall file all papers, including memoranda or briefs in support of the Stipulation, no later than December 3, 2014.

  (d) Class Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses, no later than November 10, 2014.

  14. Neither Defendants nor Defendants' Related Persons shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

  15. The Court may adjourn the Final Approval Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Final Approval Hearing or any adjournment thereof.

  16. Any member of the Settlement Class who fails to request exclusion from the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

## Other Provisions

  17. Neither the Stipulation nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of Class Plaintiff, his counsel, any Class Members, Affymax, Inc., John A. Orwin, Herbert C. Cross, Anne-Marie Duliege, Jeffrey H. Knapp, the Released Persons (as defined in the Stipulation), or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Stipulation nor

any provision therein, nor any negotiations, statements or proceedings in connections therewith shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature against Released Persons or that Class Plaintiffs, or any Class Members or any person has or has not suffered any damage.

18. In the event that the Settlement is terminated or is not consummated for any reason, the Stipulation and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Stipulation before it was executed.

IT IS SO ORDERED.

Dated: August 28, 2014

_____
Honorable Hon. William H. Orrick
United States District Judge
Northern District of California