UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA M. BARTELT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AFFYMAX, INC., et al.,<br><br>　　　　Defendants. | Case No. 13-cv-01025-WHO<br><br>**ORDER OF FINAL APPROVAL AND FINAL JUDGMENT** |

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

WHEREAS, the Court has been informed that Lead Plaintiff in this Action, Tommy Jay Carter ("Carter"), and Defendants Affymax, Inc., John A. Orwin, Herbert C. Cross, Anne-Marie Duliege, and Jeffrey H. Knapp (collectively, "Defendants") have reached a mutually agreeable settlement of this Action and have entered into a Stipulation of Settlement, executed on July 2, 2014 (the "Stipulation");

WHEREAS, this matter came before the Court for hearing on December 10, 2014, pursuant to the Order of Preliminary Approval entered August 28, 2014, on the application of the parties for final approval of the settlement as set forth in the Stipulation;

WHEREAS, The Court has heard all persons properly appearing and requesting to be heard, read and considered the motion and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise identified herein have a meaning

assigned to them as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. On December 10, 2014, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Stipulation. In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Class Counsel on behalf of the Class Plaintiff and the Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4. As recognized in the Order of Preliminary Approval [Dkt. No. 79], the Court previously certified a Class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its decision certifying the following Class for purposes of settlement only:

> All persons who purchased or otherwise acquired Affymax common stock during the Class Period, August 8, 2012 through February 22, 2013, both dates inclusive. Excluded from the Class are Defendants, all current and former directors and officers of Affymax during the Class Period, and any family member, trust company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class.

6. The Court finds, for the purposes of the Settlement only, that the prerequisites to a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Lead Plaintiff Tommy Jay Carter are typical of the claims of the

Settlement Class he represents; (d) the Lead Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Stipulation or the Final Approval Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

8. The Court has determined that the Stipulation is fair, reasonable, and adequate and is hereby approved finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006) (*quoting Isby v. Bayh,* 75 F.3d 1191, 1199 (7th Cir. 1996)).

9. The Court has considered the submissions of the Parties along with the Court file, all of which show that there remains substantial risk and uncertainty in Class Plaintiffs and the

Settlement Class ultimately prevailing on their claims. Given the considerable open issues, the benefits available directly to the Class Members represent a fair, reasonable, and adequate resolution that can be summarized as follows:

10. The Defendants have agreed to cause $ 6,500,000 in cash (the "Settlement Fund" or "Settlement Consideration") to be paid for the benefit of the Class. Among other things, the recovery of individual Class Members depends on the number of shares of Affymax Securities those Class Members purchased and sold and the prices at which Class Members who filed claims purchased and sold those shares.

11. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects.

12. In addition to finding the terms of the proposed Stipulation to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Stipulation's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Stipulation make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

13. This Order and Final Judgment shall be binding on all Class Members, including Class Plaintiff, except for the Class Members who filed valid exclusions, as listed on Exhibit A-1, attached hereto. Further, the Action and Released Plaintiffs' Claims are hereby dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

14. Upon the Effective Date, Class Plaintiff, on behalf of himself and Plaintiff's Related Persons, and on behalf of each Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Released Persons, whether or not any individual Class Member executes and delivers the Proof of Claim.

4

15. Upon the Effective Date, Class Plaintiff and each Class Member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind, asserting any of the Released Plaintiffs' Claims against any of the Released Persons.

16. Upon the Effective Date, Defendants, on behalf of the themselves and Defendants' Related Persons, shall hereby be deemed to have, and by operation of this Order shall have, fully, finally, and forever, released, relinquished, settled and discharged the Lead Plaintiff, the members of the Class, their attorneys, and the Released Plaintiffs' Parties from the Released Defendants' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Defendants' Claim against any of them directly, indirectly or in any other capacity.

17. The Court finds and concludes that during the course of this Action, the Defendants, Lead Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No such party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints. The Court further finds that Lead Plaintiff and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

18. The Court finds that the law firm preliminarily approved as Class Counsel in its prior Order of Preliminary Approval [Dkt. No. 79], is comprised of competent and experienced attorneys and has adequately and aggressively represented the interests of the Class Members. The Court therefore certifies and appoints the law firm of Pomerantz LLP to serve as Class Counsel on behalf of the Class.

19. The Court hereby certifies Tommy Jay Carter as Class Plaintiff representing the Class defined herein. The terms of the Stipulation provide that the Settlement Fund may be utilized to pay a reimbursement award to the Class Plaintiff, and the Court hereby awards the Class Plaintiff a reimbursement award of $5000.00.

20. The Court hereby awards Class Counsel $1,625,000 in attorneys' fees and $71,079.25 in reimbursement of expenses.

21. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. Without affecting the finality of this Final Approval Order and Judgment, the Court Reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Stipulation of Settlement.

23. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: December 12, 2014



WILLIAM H. ORRICK
United States District Judge