**POMERANTZ LLP**
Patrick V. Dahlstrom (admitted *pro hac vice*)
Leigh Handelman Smollar (admitted *pro hac vice*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois  60603
Tel.:   312.377.1181
pdahlstrom@pomlaw.com
lsmollar@pomlaw.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA M. BARTELT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AFFYMAX, INC., JOHN A ORWIN, HERBERT C. CROSS, ANNE-MARIE DULIEGE, and JEFFREY H. KNAPP<br><br>Defendants. | Case No. 3-13-CV-1025 (WHO)<br><br>**ORDER GRANTING MOTION FOR ORDER OF DISTRIBUTION** |

Whereas, this Court approved the terms of the Stipulation of Settlement of August 28, 2014 and approved the Plan of Allocation by order dated December 12, 2014;

Whereas, this Court retained jurisdiction of this Action for the purpose of supervising the implementation of the Stipulation and distribution of the Net Settlement Fund;

Whereas, this Court has reviewed the Motion for Order of Distribution filed by Lead and Class Plaintiff Tommy Jay Carter  ("Class Plaintiff"), the Affidavit of Justin R. Hughes in Support Of Lead Counsel's Motion for Distribution of the Net Settlement Fund ("Hughes Affidavit") submitted herewith, related documents, and good cause showing;

AND NOW, this 19th day of December 2016, upon consideration of Class Plaintiff's *Motion for Order of Distribution*, it is hereby ORDERED:

1. That Class Plaintiff's motion is GRANTED;

2. The administrative determinations of the Claims Administrator to accept the claims listed in Exhibits B-1 and B-2 to the Hughes Affidavit and described in ¶ 36 of the Hughes Affidavit, including claims submitted after the filing deadline, are approved and those claims are accepted;

3. The administrative determinations of the Claims Administrator to reject the claims listed in Exhibit B-3 to the Hughes Affidavit and described in ¶ 36 of the Hughes Affidavit are approved and those claims are rejected;

4. The Claims Administrator is authorized to make the distributions described in Class Plaintiff's motion and the Hughes Affidavit;

5. The payments to be distributed to Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE." Any balance remaining in the Net Settlement Fund six (6) months after the initial distribution shall be used (i) first to pay any amounts mistakenly omitted from the Initial Distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution; (ii) second, to pay any additional settlement administration fees and expenses; and (iii) if feasible, distribute the remaining funds *pro rata* to those Authorized Claimants that cashed their Initial Distribution checks and who would be entitled to a pro rata distribution of at least $10.00 or, if not feasible, donated to the University of San Francisco (USF) School of Law Investor Justice Clinic;

6. The Claims Administrator shall continue to receive, review and process any correspondence or information submitted by claimants with respect to already-filed Proofs of Claim. Should there be any adjustments to any Proofs of Claim prior to distribution of the Net Settlement Fund, the Claims Administrator shall update its claims

database with the new information and report the updated total to Class Counsel prior to distribution;

7. The Claims Administrator is to be paid the sum of $33,446.81 for outstanding fees and expenses already incurred, and those to be incurred in connection with the services performed or to be performed with respect to the administration and disbursement of the Net Settlement Fund;

8. All persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action, and all persons who were involved in the administration or taxation of the Net Settlement Fund, are released from liability for any and all claims arising out of such activities; and

9. This Court shall retain jurisdiction over any further application or matter which may arise in connection with this Action.

BY THE COURT.

Dated: December 19, 2016

_____
Hon. William H. Orrick
United States District Judge